Matthew R. Orr, Bar No. 209675
  morr@calljensen.com
William P. Cole, Bar No. 186772
  wcole@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendant Bowmar Nutrition, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER PRODUCTS ASSOCIATION, INC., a Washington, D.C. nonprofit corporation, on behalf of the general public,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BOWMAR NUTRITION, LLC, an Iowa limited liability company,<br><br>　　　　　Defendant. | Case No.  3:21-cv-00596-W-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>Date: _____ June 28, 2021<br>Hon. Thomas J. Whelan<br><br><br>Complaint Filed:   April 6, 2021<br>Trial Date:           None Set |

BOW03-01:3026460_1:4-28-21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................1

III. ARGUMENT .........................................................................................................2

    A.    Legal Standards ...........................................................................................2

    B.    Controlling Law Clearly Prohibits Non-Class, "Representative" UCL, FAL and Unjust Enrichment Claims .......................4

IV. CONCLUSION......................................................................................................7

BOW03-01:3026460_1:4-28-21

- i -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

# TABLE OF AUTHORITIES

Page

Federal Cases

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ........................................................................................ 6
*Bhambra v. Port of Oakland, No. C*,
    08-05326 CRB, 2009 WL 10694600 (N.D. Cal. Mar. 23, 2009) ................................. 3
*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,
    892 F.2d 802, (9th Cir. 1989) ....................................................................................... 3
*Eastway Const. Corp. v. City of New York*,
    762 F.2d 243 (2d Cir. 1985) ......................................................................................... 3
*Liou v. Organifi, LLC*,
    491 F.Supp.3d 740 (S.D. Cal. 2020) ............................................................................. 6
*Margo v. Weiss*,
    213 F.3d 55 (2d Cir. 2000) ........................................................................................... 3
*Tran v. Le French Baker, Inc.*,
    No. C-94-0483, 1995 WL 374342 (N.D. Cal. June 14, 1995) ..................................... 3
*Truesdell v. Southern California Permanent Medical Group*,
    209 F.R.D. 169 (C.D. Cal. 2002) ................................................................................. 3
*United States v. J.B. Stringfellow, Jr.*,
    911 F.2d 225 (9th Cir. 1990) ........................................................................................ 3

State Cases

*Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*,
    46 Cal.4th 993 (2009) ............................................................................................. 4, 5
*Kwikset Corp. v. Superior Court*,
    51 Cal.4th 310 (2011) ............................................................................................. 4, 5
*Shaeffer v. Califia Farms, LLC*,
    44 Cal.App.5th 1125 (2020) .................................................................................... 4, 5

State Statutes

Bus. & Prof. Code § 17203 ................................................................................................ 4
Cal. Civ. Proc. § 367 .......................................................................................................... 6
Cal. Civ. Proc. § 382 .......................................................................................................... 4

Federal Rules

Fed. R. Civ. P. 11 ....................................................................................................... passim
Fed. R. Civ. P. 11(b)(2) ............................................................................................. passim
Fed. R. Civ. P. 11(c)(1) .................................................................................................. 5, 6
Fed. R. Civ. P. 11(c)(4) ...................................................................................................... 6
Fed. R. Civ. P. 11(c)(5)(A) ................................................................................................ 6

## I. INTRODUCTION

Plaintiff's counsel signed a First Amended Complaint ("FAC") containing patently frivolous claims, in violation of Rule 11(b)(2). Specifically, the FAC purports to bring non-class, representative claims for restitution "on behalf of the general public" under California Business & Profession Code sections 17200 ("UCL") and 17500 ("FAL"). California eliminated such actions over 15 years ago. No competent attorney practicing before this district court would think otherwise.

The FAC also contains a non-class unjust enrichment claim that Plaintiff also purports to bring on behalf of the "general public." There is no good faith basis for such a legal claim.

Defendant warned Plaintiff's counsel about the Rule 11 violations. Defendant requests that the Court impose sanctions on Plaintiff and its counsel.

## II. BACKGROUND

On April 6, 2021, Plaintiff filed its Complaint. (Doc. 1.) The next day, Plaintiff filed its First Amended Complaint ("FAC"). (Doc. 3.)

Plaintiff alleges it is a "nonprofit corporation" engaged in consumer "education" and "advocacy." (FAC ¶¶ 6-7.) Plaintiff supposedly was founded to "educate consumers on the accuracy of nutritional label and marketing claims of consumer products" and "to advocate for accuracy and transparency in food labelling and marketing." (*Id.* ¶ 7.) Plaintiff "also engages in public interest litigation relating to false, deceptive, and misleading nutritional label and marketing claims." (*Id.* ¶ 7.) Plaintiff "also tests individual food products to verify that nutritional label and marketing claims about the contents of those food products are accurate." (*Id.* ¶ 8.)

Defendant manufactures "various powders, bars, frosting, nut spreads, and snacks containing or derived from whey protein isolate." (*Id.* ¶ 2.) Plaintiff alleges it received "reports" that Defendant's product labels make false nutritional claims. (*Id.* ¶ 9.) Plaintiff alleges that, upon receiving those reports, it decided to procure testing of the nutrient content of some of Plaintiff's products, and the test results indicated several



products contained less protein than stated on the labels. (*Id.* ¶¶ 9, 29.) Based on these allegations, Plaintiff purports to bring UCL, FAL and unjust enrichment claims "on behalf of the general public" and seek restitution for all "consumers." (*Id.* p. 1.) Plaintiff does not allege any class or purport to bring these "representative" claims as a class action. *See* FAC; Civil Cover Sheet (Doc. 3-1).

Plaintiff does not allege that it ever purchased any of Defendant's products in reliance on the challenged labeling claims. Instead, Plaintiff alleges that it "was diverted from its ordinary course of business" because it decided to investigate the reports that Defendant's labeling was false, and because it decided to "devote[] resources to testing these Products . . . and in educating the public through the news media, through podcasts, and through its own website" about the allegedly false labels. (*Id.* ¶ 9.)[1]

On April 2021, Defendant served Plaintiff's counsel with a copy of this motion for sanctions. Decl. of William P. Cole ("Cole Decl."), ¶ 2. However, Plaintiff did not withdraw the FAC.

### III.   ARGUMENT

#### A.   Legal Standards

Rule 11 of the Federal Rules of Civil Procedure provides that by presenting to the court a pleading, written motion or other paper—whether by signing, filing, submitting, or later advocating it—an attorney certifies, among other things, that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" Fed. R. Civ. P. 11(b)(2). Rule 11 is designed to deter attorneys "from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith

---

[1] CPA does not explain how this was a "diversion" from its ordinary course of business, as it claims its ordinary business is to educate the public and pursue public interest litigation.

or subjective intent is required." *Truesdell v. Southern California Permanent Medical Group*, 209 F.R.D. 169, 173-74 (C.D. Cal. 2002).

An attorney violates Rule 11(b)(2) when it is clear that a claim or legal contention has absolutely no chance of success under existing precedents, and no reasonable argument can be advance to extend, modify or reverse the law as it stands. *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985). Stated differently, a claim or legal contention is frivolous under Rule 11(b)(2) if it is unreasonable when viewed from the perspective of a competent attorney admitted to practice before the district court. *United States v. J.B. Stringfellow, Jr.*, 911 F.2d 225, 226 (9th Cir. 1990). Rule 11(b)(2) establishes an objective standard designed to eliminate any "empty-head pure-heart" justification for patently frivolous claims or contentions. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, (9th Cir. 1989); *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000). Claims directly contrary to controlling precedents may violate Rule 11. *Bhambra v. Port of Oakland*, No. C 08-05326 CRB, 2009 WL 10694600, at *7 (N.D. Cal. Mar. 23, 2009); *Tran v. Le French Baker, Inc.*, No. C-94-0483, 1995 WL 374342, at *5 (N.D. Cal. June 14, 1995).

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 has been violated, the court may impose sanctions on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). Where, as here, the Rule 11 violation consists of a frivolous legal claim or contention, any monetary sanction is imposed against the attorney, not the client. Fed. R. Civ. P. 11(c)(5)(A).

The Court has wide discretion in formulating an appropriate sanction. Rule 11 sanctions may include nonmonetary directives, as well as a penalty payable to the court and/or an award of reasonable attorneys' fees. Fed. R. Civ. P. 11(c)(4); *Truesdell*, 209 F.R.D. at 175. The sanction should be designed "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Absent

exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. Fed. R. Civ. P. 11(c)(1).

### B. Controlling Law Clearly Prohibits Non-Class, "Representative" UCL, FAL and Unjust Enrichment Claims

"Before 2004, the UCL allowed 'any person acting for the interests of itself, its members or the general public' to seek restitution or injunctive relief against unfair acts or practices." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal.4th 993, 1000 (2009) (quoting Cal. Bus. & Prof. Code, former § 17204, added by Stats. 1977, ch. 299, § 1, p. 1202). Thus, "under the former law a plaintiff did not have to show any actual injury, and a representative action brought under the unfair competition law did not have to be brought as a class action." *Id.*

In 2004, however, voters enacted Proposition 64 to eliminate abuses engendered by the broad standing provisions. *Id.* "Proposition 64 amended the unfair competition law to allow private representative claims for relief to be brought only by those persons who satisfied the law's new standing requirements and who complied with Code of Civil Procedure section 382 [California's class action requirements]." *Id.*; *see also* Bus. & Prof. Code § 17203. The law now requires that a UCL or FAL claim may be brought only by a "person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition." Bus. & Prof. Code § 17203 (emphasis); *id.* § 17535; *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 323 (2011); *Amalgamated Transit*, 46 Cal.4th at 1000. Thus, under both the UCL and FAL, "the plaintiff must show that she 'actual[ly] reli[ed]' on the 'allegedly deceptive or misleading statement' and that it 'was an immediate cause' of her injury." *Shaeffer v. Califia Farms, LLC* 44 Cal.App.5th 1125, 1137 (2020) (citation omitted).

These long- and clearly-established precedents make it abundantly clear that Plaintiff cannot sue on behalf of the "general public" in a non-class case. No reasonably competent attorney would believe otherwise. Plaintiff's counsel violated Rule 11(b)(2)

by signing a non-class complaint that seeks relief, including restitution, on behalf of the "general public" (i.e., "consumers") writ large.

Plaintiff's counsel also violated Rule 11(b)(2) by signing a complaint asserting "private attorney general" claims by a plaintiff that obviously lacks any statutory standing under the UCL or FAL. The whole point of Proposition 64 was to stop precisely this type of case, where some attorney-plaintiff or so-called "public interest" organization who has not been injured by the allegedly unfair practice attempts to sue. *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal.4th 993, 1000 (2009). The legal "standing" contentions set forth in the FAC are frivolous. Plaintiff does not allege that it ever purchased Defendants' products *in actual reliance* on any allegedly false marketing or labelling. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th at 323; *Shaeffer,* 44 Cal.App.5th at 1137. To the contrary, Plaintiff alleges it decide to test Defendants' products after it received "reports" the labels made false representations. (FAC ¶ 9.) And what is the purported "injury" Plaintiff alleges? That it was "diverted from its ordinary course of business" and "devoted resources to testing these Products" and "in educating the public through the news media, through podcasts, and through its own website about the false and deceptive claims[.]" (*Id.*) What's more, in a particularly frivolous allegation, Plaintiff contends it has standing because Defendant's conduct "frustrated CPA's efforts to promote, on behalf of the general public, transparency in the food labelling system." (FAC ¶ 41.) These standing contentions are patently frivolous under established California law pertaining to UCL and FAL standing.

Plaintiff's counsel further violated Rule 11(b)(2) by signing a complaint purporting to bring a non-class, common law unjust enrichment claim seeking restitution on behalf of the general public. There is no good faith legal basis for bringing a non-class unjust enrichment claim on behalf of others. "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by

BOW03-01:3026460_1:4-28-21                                    - 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION,
LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

statute." Cal. Civ. Proc. § 367. No statute authorizes Plaintiff to bring claims for restitution to "consumers" in a non-class complaint.

Finally, Plaintiff's counsel also violated Rule 11(b)(2) by signing a complaint asserting an unjust enrichment claim where Plaintiff itself obviously has no legal basis for an unjust enrichment claim. To state such a claim, the plaintiff must allege "that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotations and citation omitted); *accord Liou v. Organifi, LLC*, 491 F.Supp.3d 740, 752 (S.D. Cal. 2020). Plaintiff does not allege that it suffered any mistake, fraud, coercion or request; rather, Plaintiff alleges it *voluntarily decided to test products after receiving reports they were falsely labeled*. It is patently frivolous to assert unjust enrichment in these circumstances.

In sum, Plaintiff and its counsel violated Rule 11(b)(2) in the foregoing multiple and independent ways. The Court should impose sanctions. By filing the FAC (and failing to withdraw it), Plaintiff put Defendant to the expense of responding to frivolous claims. To incentivize compliance with Rule and 11, and to discourage noncompliance, the appropriate sanctions include (1) dismissal of the FAC and (2) an award of $6,060 in attorneys' fees to Defendant and against Plaintiff's counsel, Charles C. Weller and Charles C. Weller, APC. *See* Cole Decl., ¶ 3.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss this action and should order Charles C. Weller and Charles C. Weller, APC to pay $6,060 in attorneys' fees to Defendant.

Dated: April 28, 2021

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole


By: */s/ William P. Cole*
    William P. Cole

Attorneys for Defendant Bowmar Nutrition, LLC

BOW03-01:3026460_1:4-28-21

- 7 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

> */s/ William P. Cole*
> William P. Cole