1  Matthew R. Orr, Bar No. 209675
    matt@amintalati.com
2  William P. Cole, Bar No. 186772
    william@amintalati.com
3  AMIN TALATI WASSERMAN, LLP
4  515 South Flower Street, 18th Floor
   Los Angeles, California 90071
5  Tel:   (202) 918-7949
6  Fax:   (312) 884-7352

7
   Attorneys for Defendant Bowmar Nutrition, LLC
8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | CONSUMER PRODUCTS | Case No.  3:21-cv-00596-W-MDD
   | ASSOCIATION, INC. a Washington, D.C.
13 | nonprofit corporation, on behalf of the | **REPLY IN SUPPORT OF**
   | general public, | **DEFENDANT BOWMAR**
14 | | **NUTRITION, LLC'S MOTION FOR**
15 | Plaintiff, | **SANCTIONS PURSUANT TO FED. R.**
   | | **CIV. P. 11**
16 |
17 | vs.

18 | BOWMAR NUTRITION, LLC, an Iowa | Date:   June 28, 2021
19 | limited liability company, | Hon. Thomas J. Whelan

20 | Defendant.

21

22 | | Complaint Filed:  April 6, 2021
23 | | Trial Date:        None Set

24

25

26

27

28

ENS01-43:Bowmar-Rule 11-reply-final:6-18-21

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT
TO FED. R. CIV. P. 11

**REPLY**

## I.    INTRODUCTION

Bowmar did not bring this Rule 11 motion lightly. Its counsel brings such motions close to never. But Bowmar has been put to the real expense—and is still being put to the expense—of defending against frivolous claims for restitution or disgorgement on behalf of *consumers*; that is, persons other than Consumer Products Association (CPA) itself. Before filing this motion, Bowmar urged CPA to withdraw or amend the Complaint to dispense with claims on behalf of others. CPA refused.

CPA does not marshal a single argument that it can pursue claims for restitution or disgorgement on behalf of third parties. CPA ignores that central issue altogether. While CPA contends it has "organizational standing," it does not even try to argue or explain how such individual standing would provide it with any lawful basis to seek relief on a *representative* basis. There is no legal basis for CPA to do so.

Thus, CPA's organizational standing argument is inapposite. Standing is both claim- and relief-specific. There is a disconnect between CPA's "organizational standing" theory and the relief actually sought in the FAC. Bowmar has repeatedly raised this to CPA's attention, but CPA has refused to amend or withdraw the FAC, and has instead continued to force Bowmar to defendant against frivolous claims for relief.

Tellingly, after Bowmar served its Rule 11 motion (as well as the Motion to Dismiss) on CPA, CPA's counsel filed a class action law suit against Bowmar in the Central District of California, alleging UCL, FAL and unjust enrichment claims on behalf of a nationwide class and/or California subclass, based on the same purportedly false advertising alleged in this case.[1] The *Lozano* class action is an implicit concession of what CPA has thus far refused to concede in this case: CPA cannot pursue restitution on behalf of consumers.

This Court should grant the motion for sanctions.

---

[1] *Lozano v. Bowmar Nutrition, LLC*, No. 2:21-cv-04296-MCS-KS (C.D. Cal.).

## II.    FACTUAL BACKGROUND

After Bowmar provided the safe-harbor service of the Rule 11 motion to CPA, CPA's counsel responded by letter contending CPA had "direct associational standing based on an injury it directly sustained" and that it was not asserting standing on behalf of members of the general public. (Doc. 10-1, Ex. A.) Bowmar's counsel promptly responded that the FAC states it seeks restitution and disgorgement of "all moneys paid by consumers [FAC, ¶¶ 66, 79]," but "if . . . as you now state, CPA is not suing on any representative basis, and instead is suing only for redress of purported injuries to CPA alone, then we assume CPA will promptly seek to amend the FAC to eliminate any claims 'on behalf of the general public' or any claims for restitution or disgorgement to 'consumers' as opposed to CPA personally." (Doc. 10-1, Ex. B.)

This should have been simple enough, but CPA's counsel responded that "CPA declines to amend or withdraw its First Amended Complaint." (*Id.*, Ex. C.) CPA's counsel stated that the reference in the FAC's caption to suing "on behalf of the general public" was just a caption mistake. But CPA's counsel's letter ignored the fact that the *body* of the FAC seeks restitution and/or disgorgement on behalf of *consumers*, even though Bowmar's counsel raised this problem in both the Rule 11 motion and its letter. (*See* Doc. 10-1, Ex. B.)

On May 28, 2021, Bowmar filed its reply in support of its Motion to Dismiss. (Doc. 9.) Bowmar observed that "[i]f CPA merely seeks to recover for its own direct injury (i.e., CPA's purported 'diverted resources')—CPA should have promptly dismissed its claims for restitution or disgorgement to consumers." (*Id.* at p.2.) Yet, CPA still has not sought to amend or withdraw the FAC or any of its claims.

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

## III.   ARGUMENT

### A.   Even Though the FAC Alleges Claims for Restitution on Behalf of Third Parties, CPA Does Not Even Try to Argue Any Legal Basis for Such Claims.

It is not clear why CPA will not confront head-on the gist of its own FAC, which is that CPA seeks restitution or disgorgement on behalf of consumers of Bowmar's products. The FAC repeatedly states that CPA "seeks an order requiring Defendant to make full restitution of all monies it has wrongfully obtained from the sale of the Products[.]" (FAC ¶¶ 48, 57, 66.) The FAC states that "[t]he laws of the 50 states and Washington, D.C., do not differ materially as to the elements of unjust enrichment" and that Defendants "deceived *consumers*" and "*consumers* conferred a benefit on Defendant by purchasing the Products, including an effective premium, above the true value of the Products." (*Id.* ¶¶ 75-78, emphasis added.) The FAC alleges that "Defendant continues to possess money paid by consumers to which Defendant is not entitled" and that CPA "seeks disgorgement" of those gains. (*Id.* ¶¶ 79-81.) In light of these allegations, it is unhelpful for CPA now to claim that the caption's reference to "on behalf of the general public" was a mistake. Setting aside the caption altogether, the FAC's substantive allegations seek relief on behalf of third-party consumers.

No matter how many times Bowmar brings this point to CPA's attention—and urges it to eliminate such claims—CPA ignores it. In its opposition, CPA does not make a single argument that it can seek restitution or disgorgement on behalf of consumers in this non-class case. Thus, CPA effectively concedes that the FAC's claims for such relief are frivolous under Rule 11. *See Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (an attorney violates Rule 11(b)(2) when it is clear that a claim or legal contention has absolutely no chance of success under existing precedents, and no reasonable argument can be advanced to extend, modify or reverse the law as it stands).

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

**B.** **"Organizational Standing" is a Red Herring in Light of the Claims Asserted in the FAC.**

Setting aside whether CPA has organizational standing in the abstract (an issued addressed in connection with the pending motion to dismiss), the point here is that the notion of organizational standing is disconnected from the claims actually asserted in the FAC. First, standing is "claim- and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought." *In re Adobe Systems, Inc. Privacy Litig.*, 66 F.Supp.3d 1197, 1218 (N.D. Cal. 2014); *accord Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press" and "[w]e have insisted . . . that a plaintiff must demonstrate standing separately for each form of relief sought"). Even assuming CPA had organizational standing to pursue a claim for damages for its own allegedly "diverted resources," it has no standing to seek restitution or disgorgement for any third parties. CPA has failed to marshal a single argument to the contrary, despite prosecuting an FAC seeking such relief. Moreover, California statutory law separately prohibits CPA from pursuing UCL or FAL claims seeking relief on behalf of others in a non-class case. *See* Cal. Bus. & Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 *and* complies with Section 382 of the Code of Civil Procedure[.]" [emphasis added]); *Amalgamated Transit Union Local 1756, AFL-CIO v. Superior Court*, 46 Cal.4th 933, 1000 (2009).

Second, there is a glaring disconnect between (1) CPA's arguments that it has alleged it suffered its own direct injury and (2) the claims for relief contained in the FAC. Citing several organizational standing cases, CPA repeatedly argues that since it has alleged its own loss of money or property, it has standing. But standing for what? The FAC alleges only *equitable* claims (UCL, FAL, and unjust enrichment), none of which even provides for legal damages. *See, e.g., Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

awarded under the UCL); *1617 Westcliff LLC v. Wells Fargo Bank N.A.*, 686 Fed. Appx. 411, 415 n.5 (9th Cir. Apr. 3, 2017) (unjust enrichment is "an equitable cause of action with restitution as a remedy"). One searches the FAC in vain for any claim for relief for *damages to CPA* at all.[2] And even if CPA suffered its own injury or damages, that would be irrelevant to whether it can pursue relief for third-party consumers in this non-class case, as already explained.

CPA devotes most of its opposition to arguing various organizational standing cases, including, for example, *Organic Products Association v. Sanderson Farms, Inc.*, 284 F.Supp.3d 1005 (N.D. Cal. 2018), and *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). CPA claims Bowmar "ignored" those cases. Bowmar did not ignore those cases; they just are inapposite to whether CPA can pursue claims *on a representative basis*. For example, neither *Sanderson* nor *Havens* holds that an organization's own direct standing for its own injury allows the organization to bring claims for relief on behalf of third parties in a non-class case, let alone claims for restitution to third parties under the UCL, FAL or a common law claim for unjust enrichment.

In short, CPA continues to argue about the unpled flea instead of the pleaded elephant. A claim for damages for CPA's own supposedly diverted resources would be a *de minimis* and fundamentally different case than a claim for restitution "of all moneys" that Bowmar "obtained from the sale of the Products." (FAC ¶¶ 48, 57, 66.) Regardless of whether CPA suffered its own injury, CPA has filed a complaint containing frivolous claims for relief. CPA has refused, after multiple opportunities, to amend or withdraw the frivolous allegations. Bowmar should not have been required to respond to them.[3]

---

[2] CPA drops a footnote contending it is "absurd" for Bowmar to argue the FAC does not contain any claim for damages. (Doc. 10, n.1.) Bowmar checked the FAC again and still cannot find any claim for money damages, either in the FAC's body or its prayer for relief. Bowmar finds only claims for restitution or disgorgement (equitable claims). While CPA has alleged it lost money or property, there is *no claim or even prayer* to recover damages to CPA itself. And CPA's purported direct injury plainly states no claim for restitution: CPA never alleges that its "diverted resources" enriched Bowmar.

[3] Contrary to CPA's contention, in Bowmar's Motion to Dismiss, Bowmar did not compare CPA's counsel to Rip Van Winkle; Bowmar compared *the FAC* to Rip Van Winkle. (Doc. 6-1, at p.1.) The analogy not only illustrated a problem with the FAC but

1   Finally, throughout its opposition, CPA refers to its mission as "charitable."
2   Whether a party is a "charitable" organization or a "for-profit" organization has nothing
3   to do with Rule 11 standards. Moreover, the "charitable" aspect of CPA's "mission" is
4   shrouded, at best. On the page of CPA's website concerning Bowmar, it states: "If you
5   have purchased ANY of the Bowmar Nutrition High Protein Nut Butter products listed,
6   you may be entitled to monetary compensation. Fill out the form below to see if you
7   qualify."[4] The page also states "PAID ATTORNEY ADVERTISEMENT" as well as
8   "*You may be entitled to compensation!* Why should you have to pay for a product that is
9   being falsely advertised? Contact us today to see if you are entitled to compensation. It
10   costs you nothing to find out what we can get for you."[5] The same webpage has Charles
11   C. Weller's law firm business card.[6]

12   **IV.   CONCLUSION**

13   The standard on a Rule 11 motion is objective. It was not reasonable for CPA to
14   bring representative claims in this non-class case. It was not reasonable to refuse to amend
15   or withdraw the FAC when the violations were brought to CPA's attention. Bowmar
16   respectfully requests that the Court grant the motion for sanctions and deny CPA's
17   counter-request for sanctions.

---

paid homage to a great, and hopefully never forgotten, masterpiece of early American literature.

[4] https://cpa501c3.org/bowmar-nutrition-high-protein-nut-butters-lawsuit (accessed June 15, 2021).

[5] *Id.* (emphasis in original).

[6] *Id.*

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  June 18, 2021

AMIN TALATI WASSERMAN, LLP
Matthew R. Orr
William P. Cole


By: /s/ *William P. Cole*
      William P. Cole

Attorneys for Defendant Bowmar Nutrition, LLC

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT
TO FED. R. CIV. P. 11

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2021, I electronically filed the foregoing document described as **REPLY IN SUPPORT OF BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURUSANT TO FED. R. CIV. 11** with the Clerk of the Court using the CM/ECF System which will send notification of such filing via electronic mail to all counsel of record.

/s/ *William P. Cole*

REPLY IN SUPPORT OF DEFENDANT BOWMAR NUTRITION, LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11