UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER PRODUCTS ASSOCIATION. INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>BOWMAR NUTRITION, LLC,<br><br>                              Defendant. | Case No.:  21-cv-596 W (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 6] WITH LEAVE TO AMEND AND**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS [DOC. 8]** |

      Pending before the Court is Defendant's motion to dismiss the First Amended Complaint ("FAC") and motion for sanctions under Federal Rule of Civil Procedure 11. Plaintiff opposes the motions.

      The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** the motion to

dismiss **WITHOUT PREJUDICE** [Doc. 6] and **WITH LEAVE TO AMEND** and **DENIES** the motion for sanctions [Doc. 8].

I. BACKGROUND

Plaintiff Consumer Products Association, Inc. ("CPA"), a nonprofit organization, alleges it received reports that Defendant Bowmar Nutrition, LLC ("Bowmar") was falsely labeling its protein food products. (*FAC* [Doc. 3] ¶¶ 6-7.) Upon testing Bowmar's products, CPA found that each serving of the products contained less than the represented amount of protein, as well as numerous inaccuracies related to caloric, calcium, and saturated fat levels. (*Id.* ¶¶ 29, 32.) CPA claims such variances violate federal food labelling requirements and are cause for liability under California's Unfair Competition Law ("UCL") and the False Advertising Law ("FAL").

CPA alleges it was "diverted from its ordinary course of business" and "devoted resources to testing these [p]roducts . . . and in educating the public through the news media, through podcasts, and through its own website about the false and deceptive claims made by Bowmar concerning the protein content (and other falsely advertised nutritional claims) of these [p]roducts." (*Id.* ¶ 9.) CPA contends it "has suffered injury in fact and has lost money or property" because of this diversion of organizational resources. (*Id.*)

On April 6, 2021, CPA filed its Complaint. [Doc. 1.] The next day, CPA filed its FAC, bringing claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, and the False Advertising Law ("FAL"). (*FAC* [Doc. 3.] ¶¶ 40-73.)

Bowmar now seeks to dismiss this lawsuit, arguing that CPA lacks standing and failed to test the various products in compliance with the FDA-mandated methodology. Bowmar also seeks reimbursement of its attorneys' fees in this action as sanctions under Federal Rule of Civil Procedure 11.

II. **MOTION TO DISMISS**

    A.    **Legal Standard**

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

The Court must also dismiss a cause of action for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." Lujan v.

1  Defs. of Wildlife, 504 U.S. 555, 559 (1992).  This limitation forms "the core component
2  of standing[,]" a doctrine that ensures federal courts decide only those cases "that are of
3  the justiciable sort referred to in Article III[,]" those that are " 'appropriately resolved
4  through the judicial process[.]' " Id. at 560 (quoting Whitmore v. Arkansas, 495 U.S.
5  149, 155 (1990)).
6      As an "irreducible constitutional minimum" and a constraint on federal courts'
7  subject matter jurisdiction, standing is a fundamental part of every federal case.  See
8  Lujan, 504 U.S. at 560; Chandler, 598 F.3d at 1122.  It consists of three elements—all of
9  which the party asserting federal jurisdiction must establish: (i) injury; (ii) causation; and
10 (iii) redressability.  See id.
11     Upon a 12(b)(1) motion facially attacking subject matter jurisdiction, the Court
12 assumes true all allegations of fact in the Complaint and draws all reasonable inferences
13 in the plaintiff's favor.  See Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009)
14 (quoting Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)); see also City of Los
15 Angeles v. Wells Fargo & Co., 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014).  "In a facial
16 attack, the challenger asserts that the allegations contained in a complaint are insufficient
17 on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d
18 1035, 1039 (9th Cir. 2004).
19
20     **B.    Discussion**
21         **1.    Standing**
22     Bowmar argues the FAC should be dismissed because CPA lacks standing to bring
23 UCL and FAL claims.  Specifically, Bowmar claims CPA has impermissibly brought a
24 "private attorney general" action under California state consumer protection law.  CPA
25 argues it has not brought a PAGA suit and that it has direct organizational standing.
26     Before 2004, the UCL and FAL allowed "any person acting for the interests of
27 itself, its members or the general public" to seek restitution or injunctive relief.  Cal. Bus.
28

& Prof. Code, former § 17204.  In 2004, however, Proposition 64 restricted UCL and FAL claims to a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  An organizational plaintiff can assert standing directly—by alleging injury to itself—or representationally—by basing its standing on that of its members.  See Smith v. Pac. Properties & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

Contrary to Bowmar's assertion, CPA has not brought a PAGA suit.  Instead, CPA proceeds on the basis of organizational standing.  In order to assert standing as an organization, rather than on behalf of its members, CPA must satisfy a two-prong test: "(1) frustration of its organizational mission; and (2) diversion of its resources to combat the [challenged actions]."  Smith v. Pac. Prop. & Dev. Corp., 358 F.3d 1097, 1105 (9th Cir. 2004).  Although the Court agrees with CPA that this is not a PAGA case, it is less sure that CPA has adequately alleged organization standing.

CPA is a nonprofit organization with the mission of educating customers on the accuracy of nutritional labels, advocating for "accuracy and transparency in food labelling and marketing," and "test[ing] individual food products to verify" nutritional label and marketing claims.  (*FAC* ¶¶ 7, 9.)  CPA alleges it was "diverted from its ordinary course of business" and "devoted resources to testing [Bowmar's products] . . . and in educating the public through the news media, through podcasts, and through its own website about the false and deceptive claims made by Bowmar concerning the protein content (and other falsely advertised nutritional claims) of these [p]roducts." (*FAC* ¶ 9.)  CPA contends it "has suffered injury in fact and has lost money or property" because of this diversion of organizational resources.  (*Id.*)  In short, CPA spent money investigating and addressing the exact problem they were established to address, false nutritional claims, in the exact way they planned to address such problems, testing and education.  It seems clear CPA lacks standing here.  An organization created to advance enforcement of labeling laws is not hampered in its mission because those laws are violated—absent such violations, the organization would need a new mission.  See

5

1  Havens Realty Corp. v. Coleman, 455 U.S. 363, 3779 (1982) (explaining that a harm that
2  is simply "a setback to the organization's abstract social interests" is not a "concrete and
3  demonstrable injury to the organization's activities"); see also Jimenez v. David Y Tsai,
4  2017 WL 2423186, at *11 (N.D. Cal. June 5, 2017) ("To constitute an injury under this
5  theory, a defendant's conduct must do more than offend the priorities and principles of
6  the organization; it must result in an actual impediment to the organization's real-world
7  efforts on behalf of such principles.").

   CPA relies on a recent district court case wherein the Judge denied a motion to
dismiss based on similar standing averments against several nonprofit groups. See
Organic Consumers Ass'n v. Sanderson Farms, Inc., 284 F. Supp. 3d 1005, 1012–13
(N.D. Cal. 2018). However, a later order dismissing that same case for lack of standing
noted that an organization's entirely voluntary actions cannot confer standing. Friends of
the Earth v. Sanderson Farms, Inc., 2019 WL 3457787, at *3 (N.D. Cal. July 31, 2019),
aff'd, 992 F.3d 939 (9th Cir. 2021). In other words, "[a]n organization may sue only if it
was forced to choose between suffering an injury and diverting resources to counteract
the injury." La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624
F.3d 1083, 1088 n.4 (9th Cir. 2010). Because the FAC does not allege any frustration of
CPA's mission, it logically does not permit a conclusion that diversion was required to
prevent some other injury to CPA's activities. Indeed, CPA admits in the FAC that its
organizational mission is to test the accuracy of nutritional labels and educate the public
on the matter. (*FAC* ¶¶ 7, 9.) Such activity is a voluntary continuation of its previous
activities.

   Given these allegations, it is clear that Bowmar's activities did not cause CPA to
incur an injury in fact. Therefore, CPA lacks organizational standing and its claims are

dismissed for lack of subject matter jurisdiction. Since dismissal for lack of standing must be without prejudice, CPA's claims are dismissed without prejudice.[1]

### III. MOTION FOR SANCTIONS

#### A. Legal Standard

Bowmar requests monetary sanctions against CPA under Federal Rule of Civil Procedure 11. [Doc. 8.] CPA also submits a counter-request for sanctions against Bowmar. [Doc. 10.] "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose." Council of So. Cal. v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014). Sanctions are "an extreme remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.3d 13336, 1345 (9th Cir. 1988). An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions… [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.'" Holgate v. Baldwin, 425 F.3d 671, 675-76 (9th Cir. 2005). The "test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney." McMahon v. Pier 39, Ltd. Partnership, 2003 WL 22939233, * 6, (N.D. Cal. 2003) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir. 1986).

When a complaint is the primary focus of the Rule 11 motion, the district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate, 757 F.3d at 676. "Frivolous . . . denote[s] a filing that is both baseless and made without a reasonable and

---

[1] Because CPA's lack of standing disposes of the case, Bowmar's remaining arguments are moot and need not be addressed.

competent inquiry." Id. (ciation omitted).  Additionally, the Ninth Circuit has held that "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (citing Zaldivar, 780 F.2d at 833).

### B. Discussion

Here, the conduct of CPA's counsel is not so clearly baseless or unreasonable as to warrant sanctions.  Bowmar's motion to dismiss was primarily based on the contention that CPA had inappropriately brought a PAGA claim under UCL and FAL claims.  As discussed above, CPA did not bring any PAGA claims, but instead brought its claims under a theory of organizational standing.  Although CPA ultimately failed to establish standing under such a theory, it was not so clearly baseless as to warrant sanctions.

The same conclusion results from CPA's counter-request for sanctions against Bowmar.  Although Bowmar's argument for dismissal was off-base, it was not wholly unreasonable and, indeed, ultimately succeeded.  Sanctions are denied as to both parties.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** the motion to dismiss **WITHOUT PREJUDICE** [Doc. 6] and **DENIES** the motion for sanctions [Doc. 8].  CPA will have leave to amend the Complaint.  The second amended complaint must be filed, if at all, within 30 days of this order.

IT IS SO ORDERED.

Dated:  October 15, 2021

Hon. Thomas J. Whelan
United States District Judge